UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| FRANKLIN JOE FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV416-062 |
| | ) | |
| GROVE HIGH SCHOOL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Franklin Fields has, for the fifth time in less than a year,[1] filed a facially frivolous Complaint[2] and woefully deficient *in forma pauperis* (IFP) application.[3] In past Fields cases, the Court has given him an opportunity to replead and ordered him to submit additional IFP

---

[1] *See Fields v. Savannah Marine Terminal*, 2016 WL 823020 at * 1 (S.D. Ga. Feb. 26, 2016); *Fields v. Disability Adjudication*, CV416-028, doc. 1 (S.D. Ga. Jan. 27, 2016); *Fields v. Dep't of Treasury*, CV416-026, doc. 1 (S.D. Ga. Jan. 26, 2016); *Fields v. Social Security Administration*, CV415-122, doc. 1 (S.D. Ga. May 7, 2015).

[2] Fields' statement of claim, in its unedited entirety: "On February 19, 2016 my child was attack in school an had to go to the nurse because blood was coming down his head and no action was taken an these are the same group of people that keep missing with him an pushing him up to provoke him." Doc. 1 at 3. Under no pleading standard does that state a claim.

[3] As in past cases, Fields failed even to declare under penalty of perjury that his indigency affidavit, which itself is incomplete (doc. 2), is true. *Id.*

information. *See, e.g.*, Fields, 2016 WL 823020 at * 1. That has proven a waste of time, as Fields has consistently failed to adequately amend his complaints or to obey the Court's IFP orders. *See id.*[4] The Court will not do the same thing again this time and expect a different result. Accordingly, this case should be **DISMISSED** for failure to state a claim.[5]

**SO REPORTED AND RECOMMENDED,** this  14th  day of April, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] To curb Fields' abuse of the judicial system, the Court recently imposed significant, but limited, filing restrictions on any future filings for a period of six months, to run from February 26, 2016. *See Fields*, 2016 WL 823020 at * 2-3. Because he filed the present action three days prior to that Order, however, it escapes those restrictions.

[5] "The Court applies Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrections*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). Allegations in the Complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011)." *Bright v. Fogle*, 2016 WL 347690 at * 1 (S.D. Ga. Jan. 28, 2016). But Complaints that do not allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged" must perish. *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). That is the case here, where Fields complains that "someone" harmed his child, yet he brings suit on behalf of himself *and* does not even allege a cause of action (42 U.S.C. § 1983?), much less that a state actor was involved.